### IN RE MICHAEL R.*
### (AC 17630)

O'Connell, C. J., and Hennessy and Sullivan, Js.

Argued April 30—officially released July 28, 1998

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book (1998 Rev.) § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

*David B. Rozwaski,* for the appellant (respondent).

*Mary-Anne Ziewacz Mulholland,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellee (petitioner).

*Peter B. Reilly,* for the minor child.

*Opinion*

PER CURIAM. The respondent appeals, following a trial to the court, from the judgment terminating his parental rights as to his son, Michael R. On appeal, the respondent claims that the trial court improperly found (1) that he had abandoned Michael R. and (2) that termination of his parental rights was in the best interests of Michael R. We affirm the judgment of the trial court.

The record discloses that Michael R. had been in the care and custody of the petitioner, the commissioner of the department of children and families (commissioner), since March 25, 1988. At that time, the commissioner placed Michael R. in the physical custody of his maternal great-grandmother, where he remained at the time of the trial. Michael R.'s mother died in April, 1988.

In October, 1995, the commissioner sought to terminate the respondent's parental rights, alleging that the respondent had abandoned Michael R. In the event that the respondent's parental rights were terminated, the commissioner intended to arrange Michael R.'s adoption by his maternal great-grandmother. Michael R., who was twelve years old at the time of trial, testified on his own behalf.

To prevail in a nonconsensual termination of parental rights, the commissioner must prove by clear and convincing evidence that one of several grounds for termination exists. General Statutes § 17a-112 (c) (3). The commissioner in this case has alleged the ground of abandonment as defined by § 17a-112 (c) (3) (A). If the trial court determines that abandonment has been proved by the appropriate standard, it must then determine if termination of the parental rights is in the best interests of the child. General Statutes § 17a-112 (c) (2); *In re Romance M.*, 229 Conn. 345, 356–57, 641 A.2d 378 (1994).

The trial court's findings as to both issues will be reversed on appeal only if they are clearly erroneous. *In re Tabitha P.*, 39 Conn. App. 353, 362, 664 A.2d 1168 (1995). Our examination of the record and briefs, and our consideration of the arguments of the parties persuades us that the judgment of the trial court should be affirmed. In a thoughtful and comprehensive memorandum of decision, the trial court analyzed the law in a manner consistent with our statutes and case precedents. *In re Michael R.*, 45 Conn. Sup. 364, 717 A.2d 858 (1997). Because that memorandum addresses the arguments raised in this appeal, we adopt the trial court's well reasoned decision as a statement of the applicable law on these issues. It would serve no useful purpose for us to repeat the discussion contained therein. *In re Karrlo K.*, 40 Conn. App. 73, 75, 668 A.2d 1353 (1996).

The judgment is affirmed.