## IN RE SAMANTHA B.*
### (AC 18075)

Foti, Sullivan and Spallone, Js.

Argued November 9—officially released December 29, 1998

*Danielle I. Mattessich*, with whom, on the brief, was *Raymond J. Rigat*, for the appellant (respondent mother).

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

*Stephen G. Vitelli,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellee (petitioner).

*Opinion*

PER CURIAM. The respondent mother (respondent) appeals from the trial court's judgment terminating her parental rights. The respondent claims that the trial court improperly (1) terminated her parental rights on the statutory ground of failure to achieve personal rehabilitation, (2) terminated her parental rights where such termination denied her rights to equal protection of the law guaranteed under the constitution of Connecticut and (3) found clear and convincing evidence that termination of her parental rights was in the best interests of the child. We find no merit to any of these claims and affirm the judgment of the trial court.

To prevail on a nonconsensual termination of parental rights, the commissioner must prove by clear and convincing evidence that one of several grounds for termination exists. General Statutes § 17a-112 (c) (3). In this case, the commissioner alleged the ground of failure to achieve rehabilitation within the meaning of General Statutes § 17a-112 (c) (3) (B). "A determination by the trial court . . . that the evidence is clear and convincing that the parent has not rehabilitated himself or herself will be disturbed only if that finding is not supported by the evidence and [is], in light of the evidence in the whole record, clearly erroneous." (Internal quotation marks omitted.) *In re Luis C.,* 210 Conn. 157, 166, 554 A.2d 722 (1989). If the trial court determines that the commissioner has proven, by the appropriate standard, a failure to achieve rehabilitation, it must then determine if termination of parental rights is in the best interests of the child. General Statutes § 17a-112 (c) (2); see also *In re Romance M.,* 229 Conn. 345, 356–57, 641 A.2d 378 (1994). The trial court's findings as to both

issues will be reversed on appeal only if they are clearly erroneous. See *In re Tabitha P.*, 39 Conn. App. 353, 362, 664 A.2d 1168 (1995).

Our examination of the records, briefs and our consideration of the arguments of the parties, persuades us that the judgment of the trial court should be affirmed. In a concise, thoughtful and comprehensive memorandum of decision, the trial court found that the essential facts required to sustain its determination to terminate the appellant's parental rights were proven by the proper standards and supported by the evidence. The trial court analyzed and applied the law consistent with our statutes and case precedents. See *In re Samantha B.*, 45 Conn. Sup. 468, 722 A.2d 300 (1997).

Because the trial court's memorandum of decision addresses the arguments raised in this appeal, we adopt the trial court's well reasoned decision as a statement of the applicable law on these issues. It would serve no useful purpose for us to repeat the discussion contained therein. See *In re Michael R.*, 49 Conn. App. 510, 512, 714 A.2d 1279, cert. denied, 247 Conn. 919, 722 A.2d 807 (1998); *In re Karrlo K.*, 40 Conn. App. 73, 75, 668 A.2d 1353 (1996).

The judgment is affirmed.