## IN RE TRICIA A. ET AL.*
### (AC 18203)

O'Connell, C. J., and Foti and Sullivan, Js.

Argued June 1—officially released September 28, 1999

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

*Jewel A. Gutman*, for the appellant (respondent mother).

*Patricia E. Naktenis*, assistant attorney general, with whom were *Benjamin Zivyon*, assistant attorney general, and, on the brief, *Richard Blumenthal*, attorney general, and *Susan T. Pearlman*, assistant attorney general, for the appellee (petitioner).

*Opinion*

SULLIVAN, J. The respondent mother appeals from the judgments of the trial court terminating her parental rights with respect to three of her children.[1] The respondent claims that the court improperly (1) substituted its judgment for that of a court-appointed clinical psychologist, (2) found by clear and convincing evidence that the respondent had not achieved such a degree of personal rehabilitation as would encourage the belief that she could assume a responsible parental role within a reasonable period of time and (3) found that it was in the best interests of the children to terminate her

---

[1] The trial court also terminated the parental rights of the father of two of the children. The father of the third child had died prior to the filing of the termination petitions. Only the respondent mother has appealed from the trial court's judgments, and we refer to her as the respondent in this opinion.

parental rights.[2] We affirm the judgments of the trial court.

The following facts are relevant to this appeal. The respondent is the mother of six children. The three eldest children live with their maternal grandmother in Michigan. The petitions in this case involve her three youngest children. At the time of trial in February, 1998, the children were twelve, eight and six years old, respectively, and had been in foster care for approximately four years.

The department of children and families (department) initially intervened in August, 1993, after the youngest child, then two and one-half years old, was hospitalized for injuries inflicted by the respondent's boyfriend. On August 8, 1993, the three children were placed in foster care. On August 13, 1993, they were adjudicated neglected. On June 16, 1997, the commissioner of children and families filed petitions to terminate parental rights as to the children.

The respondent admitted to a twelve or thirteen year, four-bag-a-day heroin addiction as well as occasional cocaine use. Despite participation in several programs and services that were offered to her, the respondent failed to make any progress. In March, 1997, she entered the Hogar Crea in-patient program, where she began to improve and showed signs of recovery. The program was two years long, and at the time of trial she had been drug free for eleven months. Nonetheless, it was unclear whether she would be able to continue her progress to the point of being able to care for her children or whether she would be able to remain drug free. Raphael Mora, a physician, testified that the respondent would not be able to deal with the stresses of raising

[2] In her brief, the respondent also claimed that the trial court improperly failed to make written findings as required by General Statutes (Rev. to 1997) § 17a-112 (e). The respondent withdrew that claim at oral argument.

the children at that time nor could he estimate when she would be able to assume a responsible role in her children's lives.

All three of the children had been doing well in foster care. The two older children had been in the same foster home for the previous two years and had expressed a desire to remain with and be adopted by that foster family. After having behavioral problems in several foster homes, the youngest child finally settled into a home in which she was controlling her behavior and prospering.

Laura J. Ginther, a court-appointed psychologist, evaluated the children in September, 1997. Ginther testified that the foster parents were the psychological parents of the children. Although the children still had feelings for the respondent, they did not feel safe with her. Their primary attachments were to their foster parents. Moreover, it was Ginther's opinion that an unsuccessful reunification with the respondent would be devastating and hurtful to the children. Nonetheless, Ginther did not recommend termination of parental rights.

I

The respondent first claims that the trial court improperly substituted its judgment for that of a court-appointed clinical psychologist. Specifically, the respondent argues that the court improperly accepted certain portions of Ginther's report and testimony and disregarded or gave less weight to other portions. We disagree.

"The trier is the judge of the credibility of all the witnesses and the weight to be given their testimony and, therefore, has the right to accept part or disregard part of a witness' testimony. *Griffin* v. *Nationwide Moving & Storage Co.*, 187 Conn. 405, 422, 446 A.2d

799 (1982)." *In re Hector L.*, 53 Conn. App. 359, 366, 730 A.2d 106 (1999). Indeed, the trier of fact may reject even the uncontradicted testimony of a witness. Id.

We conclude that there is no merit to the respondent's claim. Although the assessment by a professional may be very useful, especially in the context of parental terminations; see *In re Nicolina T.*, 9 Conn. App. 598, 605, 520 A.2d 639, cert. denied, 203 Conn. 804, 525 A.2d 519 (1987); the trial court need not and should not blindly adopt that person's view, as the respondent appears to suggest. To do so would be to abdicate the court's essential function to the professional's judgment. The trial court acted properly in weighing the evidence.

## II

The respondent next claims that the trial court improperly found that she had failed to achieve sufficient rehabilitation so as to assume a responsible role in the lives of her children. See General Statutes (Rev. to 1997) § 17a-112. We disagree.

" 'Personal rehabilitation' as used in the statute refers to the restoration of a parent to his or her former constructive and useful role as a parent." *In re Migdalia M.*, 6 Conn. App. 194, 203, 504 A.2d 533, cert. denied, 199 Conn. 809, 508 A.2d 770 (1986). "Section 17a-112 requires the trial court to analyze the respondent's rehabilitative status as it relates to the needs of the particular child, and further, that such rehabilitation must be foreseeable within a reasonable time. . . . A determination by the trial court . . . that the evidence is clear and convincing that the parent has not rehabilitated herself will be disturbed only if that finding is not supported by the evidence and [is], in light of the evidence in the whole record, clearly erroneous. . . . *In re Christina*

*V.*, 38 Conn. App. 214, 221, 660 A.2d 863 (1995)." (Internal quotation marks omitted.) *In re Tabitha T.*, 51 Conn. App. 595, 602–603, 722 A.2d 1232 (1999).

The record supports the trial court's finding. The evidence showed that the respondent had a history of unsuccessful attempts at overcoming her drug addiction despite the assistance provided to her. Although the respondent had been drug free for eleven months of a two year treatment program, Mora testified that she was not ready to care for her children, and he could not estimate when she might become responsible enough to resume a parental role. Ginther's report stated: "The prognosis for an individual with [the respondent's] history is poor to fair. . . . It appears that she lacks the understanding of how difficult her transition will be to a less structured setting and how much time she will need to begin to function as an independent adult before she is ever able to take on the responsibility of raising children."

On the basis of our review of the record, we are not persuaded that the trial court's determination was clearly erroneous.

III

The respondent finally claims that the trial court improperly found that termination of parental rights was in the best interests of the children. We disagree.

"If the trial court determines that the commissioner [of children and families] has proven, by the appropriate standard, a failure to achieve rehabilitation, it must then determine if termination of parental rights is in the best interests of the child. . . . The trial court's findings as to both issues will be reversed on appeal only if they are clearly erroneous." (Citations omitted.) *In re Samantha B.*, 51 Conn. App. 376, 377–78, 721 A.2d 1255 (1998), cert. denied, 248 Conn. 902, 732 A.2d 177 (1999).

Ginther stated that all three children viewed their foster parents as their psychological parents. The children had been in foster care for four years and finally appeared to have reached a comfort level in their present homes. Whatever positive feelings the children may have had toward the respondent, they did not view her as a parent and did not feel safe with her. We cannot conclude that the trial court was clearly erroneous in finding that termination was in the best interests of the children.

The judgments are affirmed.

In this opinion the other judges concurred.