### IN RE MARIAH P. ET AL.*
### (AC 29240)

Gruendel, Beach and Pellegrino, Js.

Argued May 19—officially released July 8, 2008

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

*Daniel H. Erskine*, for the appellant (respondent father).

*Colleen Broderick*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Susan T. Pearlman*, assistant attorney general, for the appellee (petitioner).

*Opinion*

PER CURIAM. The respondent father appeals from the judgments of the trial court terminating his parental rights regarding three of his minor children.[1] He challenges as clearly erroneous the court's findings that (1) he failed to achieve the requisite degree of personal rehabilitation required by General Statutes § 17a-112 and (2) termination of his parental rights was in the best interests of the children. We affirm the judgments of the trial court.

To prevail on a nonconsensual termination of parental rights, the petitioner, the commissioner of children and families, must prove, by clear and convincing evidence, that one of seven statutory grounds for termination exists. See General Statutes § 17a-112 (j) (3). The ground alleged in the present case was the respondent's failure to achieve a sufficient degree of personal rehabilitation pursuant to § 17a-112 (j) (3) (B) (ii).[2] Review of

---

[1] The parental rights of the respondent mother also were terminated. Because she has not appealed, we refer to the respondent father as the respondent.

We also note that pursuant to Practice Book § 67-13, the attorney for the minor children filed a statement adopting the brief of the petitioner in this appeal.

[2] General Statutes § 17a-112 (j) provides in relevant part: "The Superior Court . . . may grant a petition [to terminate parental rights] if it finds by clear and convincing evidence that . . . the child . . . has been found by the Superior Court . . . to have been neglected . . . in a prior proceeding . . . and the parent of such child has been provided specific steps to take to facilitate the return of the child to the parent . . . and has failed to achieve such degree of personal rehabilitation as would encourage the belief that within a reasonable time, considering the age and needs of the child, such parent could assume a responsible position in the life of the child . . . ."

a trial court's determination that a parent has failed to rehabilitate is governed by the clearly erroneous standard of review. *In re Jeisean M.*, 270 Conn. 382, 397, 852 A.2d 643 (2004). If, at the adjudicatory phase of the termination proceeding, the court determines that the petitioner has proven a failure to achieve rehabilitation, it must then determine if termination of parental rights is in the best interest of the child as part of the dispositional phase. General Statutes § 17a-112 (j) (2); see also *In re Romance M.*, 229 Conn. 345, 356–57, 641 A.2d 378 (1994). The court's findings as to both issues will be reversed on appeal only if they are clearly erroneous. See *In re Tricia A.*, 55 Conn. App. 111, 116, 737 A.2d 974 (1999).

Our examination of the record and briefs and our consideration of the arguments of the parties persuade us that the judgments should be affirmed. On the facts of this case, the issues properly were resolved in the court's complete and well reasoned memorandum of decision, which addresses the arguments raised in this appeal. See *In re Mariah P.*, 50 Conn. Sup. 594, 954 A.2d 286 (2007). We therefore adopt it as the proper statement of the relevant facts, issues and applicable law, as it would serve no useful purpose for us to repeat the discussion contained therein. See *In re Alexander C.*, 262 Conn. 308, 311, 813 A.2d 87 (2003); *In re Karrlo K.*, 40 Conn. App. 73, 75, 668 A.2d 1353 (1996).

The judgments are affirmed.