IN RE NICHOLAS B.*
(AC 33826)

Bear, Espinosa and Sheldon, Js.

Argued March 6—officially released April 27, 2012**

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

** April 27, 2012, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

*Allen B.*, pro se, the appellant (respondent father).

*Barbara J. Ruhe*, for the appellees (petitioner Ida S. et al.).

*Emily J. Moskowitz*, for the appellees (respondent guardian Deborah R. et al.).

*John J. Ghidini III*, guardian ad litem for the minor child.

*Opinion*

PER CURIAM. The respondent father, Allen B., who is self-represented in this appeal, appeals from the judgment of the trial court terminating his parental rights in his minor son, N.[1] The respondent claims that (1) the court improperly found that he had abandoned N, (2) the court improperly found that the allowance of more time for the establishment of a parent-child relationship between him and N would be detrimental to the best interest of N and (3) he did not receive effective

---

[1] In 2009, a petition to terminate the respondent's parental rights was brought in the Probate Court for the district of Berlin by the petitioners, Ida S., Nicholas S., and Charles S., maternal relatives of N. Pursuant to General Statutes § 45a-715 (g), the Probate Court transferred the case to the Superior Court on the motion of N's coguardians, the respondents Deborah R. and Alberto R. The record reflects that N's mother died on March 22, 2004. For convenience, we refer in this opinion to the respondent father as the respondent.

assistance of counsel during the termination proceeding. We affirm the judgment of the trial court.

In the adjudicatory phase of the termination proceeding, the court found by clear and convincing proof that the respondent abandoned N under General Statutes § 45a-717 (g) (2) (A) and that no ongoing parent-child relationship between the respondent and N existed under § 45a-717 (g) (2) (C). In the dispositional phase of the termination proceeding, the court found by clear and convincing proof that termination of the respondent's parental rights was in the best interest of N under § 45a-717 (g) (1). After the court rendered judgment terminating the respondent's parental rights in N, this appeal followed.

I

With regard to the first two claims in this appeal, we observe that "[o]ur standard of review on appeal from a termination of parental rights is whether the challenged findings are clearly erroneous. Our function is to determine whether the court's conclusion was legally correct and factually supported. We do not examine the record to determine whether a different conclusion might have been reached. Every reasonable presumption is made in favor of the trial court's ruling." *In re Sarah S.*, 110 Conn. App. 576, 584, 955 A.2d 657 (2008); see *In re Justice V.*, 111 Conn. App. 500, 512–13, 959 A.2d 1063 (2008), cert. denied, 290 Conn. 911, 964 A.2d 545 (2009).

Our thorough examination of the record and the arguments advanced on appeal leads us to conclude that the respondent has not demonstrated that error undermines the court's judgment. The issues raised in these claims were analyzed and resolved properly in the court's complete and well reasoned memorandum of decision. See *In re Nicholas B.*, 52 Conn. Sup. 313, 44 A.3d 230 (2011). We adopt that decision as the proper statement of the relevant facts, issues and applicable law, as it would serve no useful purpose for us to repeat

the discussion contained therein. See, e.g., *In re Mariah P.*, 109 Conn. App. 53, 55, 949 A.2d 1292, cert. denied, 289 Conn. 946, 959 A.2d 1012 (2008).

II

We are left to address the respondent's remaining claim, that his trial counsel rendered ineffective assistance.[2] Our review of the respondent's argument reveals that the respondent has done little more than summarily describe five alleged acts or omissions of his trial counsel. The respondent's argument is devoid of any legal analysis, let alone citation to any authority. For these reasons, we deem the claim to be abandoned and do not reach its merits. See, e.g., *Baker* v. *Baker*, 95 Conn. App. 826, 833–34, 898 A.2d 253 (2006), and cases cited therein.

"While . . . [i]t is the established policy of the Connecticut courts to be solicitous of [self-represented] litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the [self-represented] party . . . we are also aware that [a]lthough we allow [self-represented] litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Citation omitted; internal quotation marks omitted.) *Keating* v. *Ferrandino*, 125 Conn. App. 601, 604, 10 A.3d 59 (2010). The major deficiencies in the presentation of this claim, which undeniably interfere with the petitioners' right to respond adequately to the claim, fall well outside of that degree of latitude afforded self-represented parties.

The judgment is affirmed.

[2] "In Connecticut, a parent who faces the termination of his or her parental rights is entitled, by statute, to the assistance of counsel. General Statutes § 45a-717 (b). Because of the substantial interests involved, a parent in a termination of parental rights hearing has the right not only to counsel but to the effective assistance of counsel." (Internal quotation marks omitted.) *In re Alexander V.*, 223 Conn. 557, 569, 613 A.2d 780 (1992).