IN RE ENRICO S.*
(AC 34094)

DiPentima, C. J., and Sheldon and Dupont, Js.

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court

Argued May 31—officially released June 28, 2012**

*Venda B.*, pro se, the appellant (respondent mother).

*Cynthia Mahon*, assistant attorney general, with whom, on the brief, was *George Jepsen*, attorney general, for the appellee (petitioner).

*Theodore L. Freedman*, for the minor child.

*Opinion*

PER CURIAM. The respondent mother[1] appeals from the termination of her parental rights. Having carefully reviewed the record and the briefs of the parties, we conclude that the judgment of the trial court properly was rendered in favor of the petitioner, the commissioner of children and families.

---

** June 28, 2012, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

[1] The court also terminated the parental rights of the child's father. As he is not a party to this appeal, we need not discuss the reasons for the termination of his parental rights. We refer in this opinion to the respondent mother as the respondent.

The record reveals the following facts and procedural history. On October 15, 2008, the petitioner filed a neglect petition and a motion for an order of temporary custody with respect to the respondent's minor son, Enrico S. Specifically, the petitioner alleged that the child was being subjected to illegal activity, domestic and other violence and chronic substance abuse by his parents. The court granted the order of temporary custody ex parte, and, on March 11, 2009, after a hearing, the child was adjudicated neglected and committed to the custody of the petitioner. Although reunification was the initial goal of the permanency plan, the petitioner subsequently sought the termination of the respondent's parental rights and adoption.

On September 27, 2010, the petitioner filed a petition to terminate the parental rights of the respondent and the child's father. The respondent moved to revoke the commitment and transfer guardianship of the child to a paternal uncle. These motions were consolidated for trial, which occurred on September 8 and 9, 2011.

The court found that the respondent "has significant problems with substance abuse, mental health and criminal activity, all of which have precluded her from providing a safe and caring home for [the child]." It concluded, therefore, that the petitioner had established, by clear and convincing evidence, that the respondent had failed to achieve sufficient personal rehabilitation and failed to engage in behaviors that would encourage the belief that she could assume a responsible position in the child's life within a reasonable period of time, given his age and needs. See General Statutes § 17a-112 (j) (3) (B) (i). By the same standard, the court also found that the department of children and families had made reasonable efforts to reunite the respondent and the child. Specifically, the court cited the numerous programs offered to the respondent to help her identify and address her substance abuse and

mental health issues. Finally, the court found by clear and convincing evidence that termination of the respondent's parental rights was in the best interest of the child.

The court, in a comprehensive memorandum of decision, set forth the statutory bases for terminating the parental rights of the respondent. The court also denied the respondent's motion to revoke the commitment and to transfer guardianship of the child. On December 27, 2011, the self-represented respondent filed this appeal.[2] On appeal, she claims that she received ineffective assistance from her attorney during the proceeding before the trial court.[3] She also appears to argue that the court improperly granted the order of temporary custody.

"Although we allow pro se litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law . . . . Self-represented parties are not afforded a lesser standard of compliance, and [a]lthough we are solicitous of the rights of pro se litigants . . . [s]uch a litigant is bound by the same rules . . . and procedure as those qualified to practice law. . . . We decline to undertake appellate review of claims where there is no reasoned legal argument nor any citation to legal authority." (Citations omitted; internal quotation marks omitted.) *In re Emilie L.*, 126 Conn. App. 283, 285 n.3, 11 A.3d 1117 (2011).

---

[2] Pursuant to Practice Book § 67-13, the counsel for the child filed a statement adopting the position of the petitioner.

[3] "In Connecticut, a parent who faces the termination of his or her parental rights is entitled, by statute, to the assistance of counsel. General Statutes § 45a-717 (b). Because of the substantial interests involved, a parent in a termination of parental rights hearing has the right not only to counsel but to the effective assistance of counsel. . . . *In re Alexander V.*, 223 Conn. 557, 569, 613 A.2d 780 (1992)." (Internal quotation marks omitted.) *In re Nicholas B.*, 135 Conn. App. 381, 384 n.2, 41 A.3d 1054 (2012).

The respondent did not cite any relevant authority in her brief, nor is there any legal analysis of her allegations of ineffective assistance of counsel. Pursuant to well established precedent, we conclude that this claim has been abandoned as a result of an inadequate brief. See, e.g., *In re Nicholas B.*, 135 Conn. App. 381, 384, 41 A.3d 1054 (2012); *In re Kaitlyn A.*, 118 Conn. App. 14, 20 n.6, 982 A.2d 253 (2009).[4]

With respect to the issue of whether the court properly granted the order of temporary custody and its subsequent finding of neglect, the petitioner argues that we should not review the respondent's untimely collateral attack on these adjudications. We agree with the petitioner. See *In re Stephen M.*, 109 Conn. App. 644, 662–65, 953 A.2d 668 (2008) (order of temporary custody and finding of neglect constitute final judgments for purposes of appeal; appeal may not be postponed until after final judgment terminating parental rights because immediate appeal is only way to ensure protection of best interests of children).

The judgment is affirmed.

---

[4] Even if we were to review this claim, we would conclude that it would fail on its merits. "In determining whether counsel has been ineffective in a termination proceeding, we have enunciated the following standard: The range of competence . . . requires not errorless counsel, and not counsel judged ineffective by hindsight, but counsel whose performance is reasonably competent, or within the range of competence displayed by lawyers with ordinary training and skill in [that particular area of the] law. . . . The respondent must prove that [counsel's performance] fell below this standard of competency and also that the lack of competency contributed to the termination of parental rights. . . . A showing of incompetency without a showing of resulting prejudice . . . does not amount to ineffective assistance of counsel." (Internal quotation marks omitted.) *In re Dylan C.*, 126 Conn. App. 71, 91, 10 A.3d 100 (2011). The record reveals that, even if the respondent's counsel had been deficient, the court properly found that termination was proper in this case. Therefore, the respondent would be unable to show any prejudice. See id., 91–92.