******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

FRANK VALENZISI *v.* CONNECTICUT
EDUCATION ASSOCIATION
(AC 35467)

DiPentima, C. J., and Keller and West, Js.

*Argued March 4—officially released May 6, 2014*

(Appeal from Superior Court, judicial district of
Stamford-Norwalk, Hon. David R. Tobin, judge trial
referee [judgment of dismissal]; Hon. Taggart D. Adams,
judge trial referee [motion to open].)

*Frank Valenzisi*, self-represented, the appellant
(plaintiff).

*Mark W. Baronas*, for the appellee (defendant).

*Opinion*

PER CURIAM. The self-represented plaintiff, Frank Valenzisi, appeals from the judgment of the trial court denying his motion to open the judgment dismissing his action against the defendant, the Connecticut Education Association, for lack of subject matter jurisdiction for his failure to exhaust his administrative remedies. The plaintiff claims that the court abused its discretion by not opening the judgment in light of his request to file an amended complaint raising new causes of action. We affirm the judgment of the trial court.

The following undisputed facts and procedural history are relevant to our review of the plaintiff's claims. The plaintiff was a public school mathematics teacher in Stamford, who was discharged from his employment in 2007. The defendant is a labor union that, pursuant to a collective bargaining agreement, represented the plaintiff in his termination proceedings before the Board of Education of the City of Stamford. The plaintiff, unsatisfied with the defendant's representation, filed the present civil action, alleging in the operative revised complaint causes of action sounding in breach of fiduciary duty, professional malpractice, and "reckless negligence."

On August 30, 2012, after having heard argument by the parties on a motion to strike all but the professional malpractice count, the court, *Hon. David R. Tobin*, judge trial referee, issued an order asking the parties for simultaneous briefs addressing the issue of whether the court had subject matter jurisdiction over any portion of the plaintiff's complaint. The court cited to our Supreme Court's decision in *Piteau* v. *Board of Education*, 300 Conn. 667, 15 A.3d 1067 (2011), noting that court's holding that when a union member files an action that predominantly seeks to address a breach of the duty of fair representation or alleges that a union's misconduct resulted in the union member's termination, the union member must exhaust his administrative remedies with the state board of labor relations before seeking to obtain judicial review of his claims. See id., 690. The plaintiff filed a brief in support of the court's jurisdiction. Rather than filing a brief, the defendant filed a motion to dismiss the action on the ground that the court lacked subject matter jurisdiction.

On October 4, 2012, the court rendered judgment dismissing the plaintiff's action for failure to exhaust his administrative remedies. The court found that each of the causes of action in the operative complaint alleged a breach of "essentially the same duties owed by the defendant to the plaintiff as his collective bargaining representative," and that the plaintiff did not dispute that he had failed to file a complaint with the board of labor relations as mandated by General Statutes § 10-153e (e). The plaintiff filed a motion to reargue, which

the court denied on October 15, 2012. Although the plaintiff sought and was granted an extension of time to do so, he never filed an appeal from the judgment of dismissal or from the denial of his motion to reargue.

On November 7, 2012, despite the dismissal of his action, the plaintiff filed an amended complaint. On January 22, 2013, the plaintiff filed a motion seeking permission to file the November 7, 2012 amended complaint.[1] Two days later, the plaintiff filed a motion to open and set aside the court's judgment of dismissal. The plaintiff argued that the court should open the judgment because he had a right to file the November 7, 2012 proposed amended complaint and it should be adjudicated by the court despite his having filed it thirty-three days after the judgment. The defendant filed an objection to the motion to open, arguing that it would be unfairly prejudiced if the court were to open the judgment to allow the plaintiff to file new, allegedly viable causes of actions. The court, *Hon. Taggart D. Adams*, judge trial referee, sustained the defendant's objection and summarily denied the motion to open on February 21, 2013.[2] This appeal followed.

During the pendency of the appeal, the plaintiff filed a motion for articulation addressed to Judge Tobin. The plaintiff requested that Judge Tobin articulate his "February 26, 2013 final judgment." Judge Tobin filed a response indicating that he was unable to locate a judgment rendered on February 26, 2013, and that, to the extent the plaintiff was seeking an articulation of Judge Adams' February 21, 2013 denial of the plaintiff's motion to open, he could not properly articulate the factual or legal basis for another judge's decision.[3] The plaintiff filed a motion for review of Judge Tobin's response, and this court granted review, but denied the relief requested. The plaintiff made no further effort to obtain an articulation from Judge Adams, nor did he file a proper notice in accordance with Practice Book § 64-1 requesting that Judge Adams issue a memorandum of decision regarding his denial of the motion to open.

"We do not undertake a plenary review of the merits of a decision of the trial court to grant or to deny a motion to open a judgment. . . . In an appeal from a denial of a motion to open a judgment, our review is limited to the issue of whether the trial court has acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did." (Internal quotation marks omitted.) *Weinstein* v. *Weinstein*, 275 Conn. 671, 685, 882 A.2d 53 (2005).

Because the denial of a motion to open is an appealable final judgment, pursuant to Practice Book § 64-1,

the court is required to state, either orally or in writing, a decision that encompasses "its conclusion as to each claim of law raised by the parties and the factual basis therefor." Practice Book § 64-1; see *Gordon* v. *Gordon*, 148 Conn. App. 59, 66,      A.3d      (2014). If the court fails to file an oral or written decision, it is incumbent upon the appellant, who has the duty to provide an adequate record for appellate review; see Practice Book § 61-10; to file a notice with the appellate clerk in accordance with Practice Book § 64-1 (b), indicating that such a decision has not been filed.

To evaluate properly the plaintiff's arguments in support of his claim that the court acted unreasonably and in clear abuse of its discretion in denying his motion to open, we necessarily must evaluate the actual basis upon which the court rendered its ruling. Here, the court summarily denied the motion to open without issuing either an oral or written decision. The plaintiff did not file a notice with the appellate clerk in accordance with § 64-1 (b), and, therefore, the record before us is inadequate for any meaningful review. "While . . . [i]t is the established policy of the Connecticut courts to be solicitous of [self-represented] litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the [self-represented] party . . . we are also aware that [a]lthough we allow [self-represented] litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Internal quotation marks omitted.) *In re Nicholas B.*, 135 Conn. App. 381, 384, 41 A.3d 1054 (2012). Because we must make every reasonable presumption in favor of the court's action, we cannot conclude that the court abused its discretion in denying the plaintiff's motion to open.[4]

The judgment is affirmed.

[1] In the proposed amended complaint, the plaintiff replaced the malpractice and "reckless negligence" counts of the operative complaint with new counts alleging breach of contract, religious discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and discrimination under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.

[2] Although not briefed as a separate claim of error, the plaintiff suggests several times in his appellate brief that the court improperly failed to hold a hearing on the motion to open. A motion to open is not a motion for which oral argument is of right; Practice Book § 11-18 (a); nor is there any indication in the record that the plaintiff requested oral argument.

[3] Our review of the court file indicates that on February 26, 2013, the court, *Adams*, *J.*, denied a postjudgment motion of the plaintiff seeking the release of a $250 filing fee he purportedly had submitted to the court with a notice of intent to appeal the October 4, 2012 judgment of dismissal. The court denied the motion, indicating that it could not find any documentation of the filing fee. The plaintiff raises no claim of error on appeal with respect to the disposition of that motion.

[4] To the extent that the plaintiff has attempted to raise arguments in his briefs and at oral argument before this court challenging the propriety of the court's judgment of dismissal, we do not address those arguments as they are not properly before this court. "Although a motion to open can be filed within four months of a judgment . . . the filing of such a motion does not extend the appeal period for challenging the merits of the underlying judgment unless filed within the [twenty day period provided by Practice

Book § 63-1]. . . . When a motion to open is filed more than twenty days after the judgment, the appeal from the denial of that motion can test only whether the trial court abused its discretion in failing to open the judgment and not the propriety of the merits of the underlying judgment. . . . This is so because otherwise the same issues that could have been resolved if timely raised [in an appeal from the underlying judgment] would nevertheless be resolved, which would, in effect, extend the time to appeal." (Citation omitted; footnote omitted; internal quotation marks omitted.) *Worth* v. *Korta*, 132 Conn. App. 154, 158–59, 31 A.3d 804 (2011), cert. denied, 304 Conn. 905, 38 A.3d 1201 (2012). The plaintiff did not timely appeal from the judgment of dismissal, and his motion to open was filed after the expiration of the appeal period on the judgment of dismissal. The present appeal was taken only from the denial of the motion to open and, accordingly, cannot serve as a vehicle for attacking, either directly or collaterally, the judgment of dismissal.