******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# IN RE AVIA M.*
## (AC 41709)

Alvord, Elgo and Norcott, Js.

*Syllabus*

The respondent mother appealed to this court from the judgment of the trial court terminating her parental rights with respect to her minor child. She claimed, inter alia, that the trial court improperly concluded that the petitioner, the Commissioner of Children and Families, proved by clear and convincing evidence that the Department of Children and Families had made reasonable efforts to reunify her with her child, that she was unable or unwilling to achieve the requisite degree of personal rehabilitation, and that it was in the child's best interest to terminate her parental rights. *Held* that the judgment of the trial court was affirmed; the trial court having thoroughly addressed the arguments raised in this appeal, this court adopted the court's well reasoned decision as a statement of the applicable law on the issues.

Argued January 31—officially released March 22, 2019**

*Procedural History*

Amended petition by the Commissioner of Children and Families to terminate the respondents' parental rights with respect to their minor child, brought to the Superior Court in the judicial district of New Britain, Juvenile Matters, where the respondent father was defaulted for failure to appear; thereafter, the matter was tried to the court, *Hon. Stephen F. Frazzini*, judge trial referee; judgment terminating the respondents' parental rights, from which the respondent mother appealed to this court. *Affirmed.*

*Agnieszka G.*, self-represented, the appellant (respondent mother).

*Stephen G. Vitelli*, assistant attorney general, with whom, on the brief, were *George Jepsen*, former attorney general, *Benjamin Zivyon*, assistant attorney general, and *Hannah Kalichman*, certified legal intern, for the appellee (petitioner).

*Opinion*

PER CURIAM. The respondent mother appeals from the judgment of the trial court terminating her parental rights with respect to her daughter, Avia M. (child).[1] On appeal, the respondent claims that the trial court improperly concluded that the petitioner, the Commissioner of Children and Families, proved by clear and convincing evidence that (1) the Department of Children and Families made reasonable efforts to reunify her, (2) she was unable or unwilling to achieve the requisite degree of personal rehabilitation, and (3) it was in the child's best interest to terminate her parental rights.[2] We affirm the judgment of the trial court.

The record discloses that the child first entered the petitioner's care on April 6, 2016. The child was reunified with the respondent, on July 28, 2016, under an order of protective supervision and again was removed from the respondent's care on November 28, 2016. The child has been in the care and custody of the petitioner since November 28, 2016.

On May 2, 2017, the petitioner filed a petition to terminate the respondent's parental rights, alleging, pursuant to General Statutes § 17a-112 (j) (3) (B) (i), that the child previously was adjudicated neglected and that the respondent had failed to rehabilitate such that she could assume a responsible position in the child's life in a reasonable time. The petitioner further alleged that termination of the respondent's parental rights was in the child's best interest.

To prevail in a nonconsensual termination of parental rights case, the petitioner must prove by clear and convincing evidence that one of the statutory grounds for termination exists. General Statutes § 17a-112 (j) (3). If the trial court determines that failure to rehabilitate has been proven by the appropriate standard, then it must determine whether termination of parental rights is in the best interest of the child. General Statutes § 17a-112 (j) (2). Our standard of review on appeal is twofold. *In re Shane M.*, 318 Conn. 569, 587–88, 122 A.3d 1247 (2015). First, the court's ultimate conclusion of whether a parent has failed to rehabilitate is "[reviewed under an evidentiary sufficiency standard], that is, whether the trial court could have reasonably concluded, upon the facts established and the reasonable inferences drawn therefrom, that the cumulative effect of the evidence was sufficient to justify its [ultimate conclusion]. . . . When applying this standard, we construe the evidence in a manner most favorable to sustaining the judgment of the trial court." (Internal quotation marks omitted.) Id. Second, the standard of review for the court's determination of the best interest of the child is clearly erroneous. *In re Brayden E.-H.*, 309 Conn. 642, 657, 72 A.3d 1083 (2013).

Our examination of the record and our consideration

of the arguments of the parties persuades us that the judgment of the trial court should be affirmed. In a thoughtful and comprehensive memorandum of decision, the trial court analyzed the law in a manner consistent with our statutes and case precedents. Because that memorandum addresses the arguments raised in this appeal, we adopt the trial court's well reasoned decision as a statement of the applicable law on the issues. *In re Avia M.*, Superior Court, judicial district of New Britain, Juvenile Matters, Docket No. H14-CP16-011696-A (April 3, 2018) (reprinted at 188 Conn. App.    ,     A.3d     ). It would serve no useful purpose for us to repeat the discussion contained therein. See *In re Michael R.*, 49 Conn. App. 510, 512, 714 A.2d 1279, cert. denied, 247 Conn. 919, 722 A.2d 807 (1998).

The judgment is affirmed.

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79a-12, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

** March 22, 2019, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

[1] The parental rights of the child's father were terminated in the same proceeding after he was defaulted for his failure to appear. He did not participate in this appeal. Our references in this opinion to the respondent are to the respondent mother.

[2] The respondent's statement of issues, contained within her brief, also includes: "Whether the burden of persuasion of clear and convincing evidence in Connecticut meets the requirements of the constitutional due process clause of the fourteenth amendment of the United States." The respondent does not discuss this matter further; therefore, it is not adequately briefed and does not merit our review. See *Estate of Rock* v. *University of Connecticut*, 323 Conn. 26, 33, 144 A.3d 420 (2016) ("[c]laims are inadequately briefed when they are merely mentioned and not briefed beyond a bare assertion" [internal quotation marks omitted]).