******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

CAROL S. GORDON *v.* ALAN J. GORDON
(AC 35274)

Beach, Robinson and Flynn, Js.*

*Argued December 2, 2013—officially released February 4, 2014*

(Appeal from Superior Court, judicial district of New
Haven, Gould, J.)

*Anthony V. Zeolla*, for the appellant (defendant).

*Irving H. Perlmutter*, with whom, on the brief, was
*Andrew M. Ullman*, for the appellee (plaintiff).

*Opinion*

ROBINSON, J. The defendant, Alan J. Gordon, appeals from the denial of his motion to open the court's judgment dissolving his marriage to the plaintiff, Carol S. Gordon, which incorporated by reference the terms of a separation agreement entered into by the parties. The defendant claims that the court abused its discretion in denying his motion to open because its decision was based on erroneous findings that the separation agreement was fair and equitable, that neither the plaintiff nor her counsel had coerced the defendant into signing the separation agreement, and that no fraud was committed by the plaintiff with respect to errors in her financial affidavit. We conclude that the record is inadequate to review the defendant's claim, and, thus, we affirm the judgment of the trial court.

The record reveals the following relevant facts and procedural history. The parties were married on May 28, 1989.[1] In October, 2010, the plaintiff initiated the present action to dissolve the marriage.[2] The defendant filed an answer and a cross complaint seeking dissolution of the marriage. Throughout the dissolution proceedings, both parties were represented by counsel.

On April 18, 2011, the parties appeared in court having negotiated and executed a separation agreement. The court, after conducting under oath a thorough canvass of both parties regarding their understanding of the terms of the agreement, rendered a judgment of dissolution of marriage that incorporated by reference the separation agreement.[3] Neither the defendant nor his counsel raised any issues at the hearing regarding the content, the making or the validity of the separation agreement.

On August 9, 2011, the defendant filed an appearance as a self-represented party along with a motion to open the judgment of dissolution. According to the defendant, he had signed the separation agreement "under duress and intimidation by the plaintiff's counsel." In his motion, the defendant stated that he had been arrested prior to the filing of the divorce action for "questionable non-physical domestic circumstances." The arrest resulted in the issuance of a protective order.[4] The defendant claimed in his motion to open that "[d]uring settlement discussions, the plaintiff's counsel threatened to execute an arrest warrant against the defendant for violation of the protective order unless the defendant agreed to the terms of the settlement. The defendant's counsel failed to apprise the defendant of improper act[s] of intimidation, duress, and coercion brought to the table by the plaintiff's counsel. The defendant's counsel also failed to recognize or protect the defendant's rights from the plaintiff's unethical conduct." On September 22, 2011, following a hearing, the court issued an order denying the motion to open with-

out comment. The defendant did not appeal from that decision.[5]

On August 31, 2012, the defendant filed a second motion to open the dissolution judgment.[6] The defendant argued in the second motion to open that the plaintiff had "omitted critical information and made fraudulent misrepresentations on her April 18, 2011 financial affidavit," and that, as a result, it would have been impossible for the court to have divided fairly and equitably the marital assets. According to the motion, the asset that the plaintiff failed to disclose on her financial affidavit was a residence on Patton Road in North Haven allegedly valued at $350,000.[7] The plaintiff filed an objection to the motion to open, arguing that the sole purpose of the motion was to "harass and vex the plaintiff."

The court held a hearing on the second motion to open and other postjudgment motions on November 26, 2012. When counsel for the defendant tried to raise an allegation that the plaintiff's counsel had coerced the defendant into signing the agreement, the court indicated that that issue already had been previously argued and decided by the court against the defendant.[8] The defendant never requested an opportunity from the court to present evidence of the alleged fraud or to call any witnesses. After hearing arguments, the court stated on the record: "I don't see anything here that in any way would permit this court to reopen. You're absolutely correct, I have the discretion to do that, but my personal recollection as well as a review of the file indicates that this gentleman entered into an agreement, he knew what he was doing, he had adequate counsel, and as I said, he has struck me, to the times he's been in front of me, as an intelligent man. I recollect that he is a professional. I think I'm remembering the gentleman correctly, and, I, you know, I just don't see it. As far as I'm concerned, the motion to open is denied." The court did not file any written memorandum of decision. The court denied the motion on the papers without further comment. This appeal followed.

We first set forth the legal standards governing our review. "[O]ur courts have inherent power to open, correct and modify judgments, but that authority is restricted by statute and the rules of practice. . . . A motion to open a judgment is governed by General Statutes § 52-212a and Practice Book § 17-4. Section 52-212a provides in relevant part: Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. . . . Practice Book § 17-4 states essentially the same rule." (Internal quotation marks omitted.) *Dougherty* v. *Dougherty*, 109 Conn.

App. 33, 38, 950 A.2d 592 (2008). Nevertheless, it is also well settled that "[a] judgment rendered may be opened after the four month limitation [set forth in § 52-212a and Practice Book § 17-43] if it is shown that the judgment was obtained by fraud, in the absence of actual consent, or because of mutual mistake." (Internal quotation marks omitted.) *Richards* v. *Richards*, 78 Conn. App. 734, 739, 829 A.2d 60, cert. denied, 266 Conn. 922, 835 A.2d 473 (2003); see also *Kenworthy* v. *Kenworthy*, 180 Conn. 129, 131, 429 A.2d 837 (1980).

"We do not undertake a plenary review of the merits of a decision of the trial court to grant or to deny a motion to open a judgment. . . . In an appeal from a denial of a motion to open a judgment, our review is limited to the issue of whether the trial court has acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did." (Internal quotation marks omitted.) *Weinstein* v. *Weinstein*, 275 Conn. 671, 685, 882 A.2d 53 (2005). A trial court's determinations regarding the existence of a mutual mistake or the elements of fraud or duress are findings of fact that we will not disturb on appeal unless they are shown to be clearly erroneous. See *Jenks* v. *Jenks*, 232 Conn. 750, 753, 657 A.2d 1107 (1995); *Terry* v. *Terry*, 102 Conn. App. 215, 223, 925 A.2d 375, cert. denied, 284 Conn. 911, 931 A.2d 934 (2007).

The defendant's sole claim on appeal is that the court abused its discretion in denying his second motion to open. In support of that claim, the defendant argues that the court's decision was based on three erroneous findings; specifically, that the separation agreement was fair and equitable, that there had been no coercion by the plaintiff or her counsel in securing the defendant's signature on the separation agreement, and that the plaintiff had not committed fraud with respect to her financial affidavit disclosures. In the second motion to open and accompanying memorandum of law, however, the only ground that the defendant raised as a basis for opening the judgment was the plaintiff's alleged fraud in failing to disclose assets on her financial affidavit. "[A] party cannot present a case to the trial court on one theory and then seek appellate relief on a different one . . . ." *Albemarle Weston Street, LLC* v. *Hartford*, 104 Conn. App. 701, 709, 936 A.2d 656 (2007). "[W]e have consistently declined to review claims based on a ground different from that raised in the trial court." (Internal quotation marks omitted.) *In re Jah'za G.*, 141 Conn. App. 15, 21, 60 A.3d 392, cert. denied, 308 Conn. 926, 64 A.3d 329 (2013). Because fraud was the only ground properly before the court in its consideration of the second motion to open, that was the sole ground preserved for appeal.[9]

We next must consider whether we have an adequate record for review of the defendant's fraud allegation. We conclude that we do not. "The denial of a motion to open is an appealable final judgment"; *Alix* v. *Leech*, 45 Conn. App. 1, 3, 692 A.2d 1309 (1997); therefore, pursuant to Practice Book § 64-1 (a), the court was required to state, either orally or in writing, a decision that encompassed "its conclusion as to each claim of law raised by the parties and the factual basis therefor. . . ." If an oral decision is rendered, a signed transcript of the oral decision should be created and filed for use in any appeal. If the court fails to file an oral or written decision, the appellant, who has the duty to provide an adequate record for appellate review; see Practice Book § 61-10; must file a notice to that effect with the appellate clerk in accordance with Practice Book § 64-1 (b).

The court in the present case did not file a written memorandum of decision explaining its ruling denying the motion to open, nor did it prepare and sign a transcript of an oral ruling. The defendant did not file a notice pursuant to Practice Book § 64-1 with the appellate clerk's office, nor did he file a motion asking the court to articulate the factual and legal basis for its ruling. See Practice Book § 66-5. On occasion, we have overlooked an appellant's failure to ensure that the trial court sign a transcript of an oral decision provided that the appellant had filed an unsigned transcript and "we [were] able to identify readily the court's decision, *encompassing its findings* . . . ." (Emphasis added.) *State* v. *Payne*, 121 Conn. App. 308, 312, 996 A.2d 302, cert. denied, 297 Conn. 919, 996 A.2d 1193 (2010); see also *Stechel* v. *Foster*, 125 Conn. App. 441, 445–46, 8 A.3d 545 (2010), cert. denied, 300 Conn. 904, 12 A.3d 572 (2011). Here, although the defendant has provided us with an unsigned copy of the transcript of the hearing on the motion to open, we cannot readily identify any portion that encompasses the court's factual findings with respect to the defendant's claim of fraud. Other than stating at one point that the defendant was intelligent, knew what he was doing, and was represented by counsel when he agreed to the terms of the separation agreement, the court concluded upon its review of the record that there was no basis for opening the dissolution judgment. The record contains no findings by the court with regard to the defendant's claim of fraud involving the plaintiff's financial disclosures. Cognizant that we must make every reasonable presumption in favor of the correctness of the court's decision to deny the motion to open, we are left to conclude on the basis of our review of the limited record provided that the court acted reasonably and did not abuse its discretion in denying the defendant's motion.[10]

The judgment is affirmed.

In this opinion the other judges concurred.

* The listing of judges reflects their seniority status on this court as of

the date of oral argument.

[1] There are three children of the marriage. The children were born in August, 1991, September, 1994, and August, 1998.

[2] The complaint was in two counts. Count one sought a dissolution of the marriage on allegations that the marriage had broken down irretrievably with no possibility of reconciliation. Count two sought enforcement of a July 5, 1991 postnuptial agreement of the parties.

[3] As part of its canvass, the court asked each party if he or she was satisfied with their legal representation regarding the negotiation and drafting of the separation agreement as well as with the dissolution itself. Both the defendant and the plaintiff answered in the affirmative. Part XII, paragraph 19.1, of the separation agreement further provides in relevant part that "each party, upon such legal advice and upon such knowledge, feels this [a]greement to be fair, just and reasonable, and each party signs this [a]greement freely and voluntarily."

[4] The defendant attached a transcript from a hearing in his criminal matter as an exhibit to an objection he filed in response to a request by the plaintiff for attorney's fees to respond to the motion to open. The existence of a protective order is indicated in that transcript. The defendant's criminal file is not otherwise before this court, and neither party has asked us to take judicial notice of the content of that file.

[5] On October 19, 2011, the defendant filed a motion with the trial court that was titled a motion for extension of time, but that in fact sought permission to file a late appeal. The defendant also filed an application for a waiver of fees to file the appeal. The court granted the application for a waiver of fees, but did not act on the motion for permission to file a late appeal, presumably because it lacked the authority to extend the appeal period once it had expired; Practice Book § 66-1 (c) (4); and the authority to allow a late appeal lies with this court in accordance with Practice Book § 60-2. On December 16, 2011, the defendant filed a second motion with the trial court seeking permission to file a late appeal challenging the September 22, 2011 denial of his motion to open. In that motion, the defendant raised additional arguments as to why the dissolution judgment should be opened, namely, that the settlement agreement did not contain a fair and equitable distribution of the parties' assets and that the plaintiff committed fraud by failing to include several key assets on her financial affidavit. The motion was denied on February 3, 2012.

[6] Although new counsel had filed an appearance on April 24, 2012, in addition to the defendant's appearance, the second motion to open was signed and filed by the defendant as a self-represented party.

[7] Counsel conceded at oral argument before this court that the defendant was aware of the residence when he executed the separation agreement. In his appellate brief and at oral argument before this court, the defendant argued that the plaintiff also misrepresented the value of nine rooms of household contents and failed to disclose other assets, but those allegations were not raised in the motion to open or at the hearing on the motion.

[8] The court stated: "We already dealt with that issue, counselor, and I think it may have been before your time in the case, but that issue has already been dealt with, all right. I made a finding previously, and I do recall that very succinctly I made a finding previously that that argument absolutely holds no water, with all due respect to you and your client."

[9] Even if we were to conclude on the basis of statements made by counsel during the hearing on the motion to open that the defendant properly preserved for appeal his arguments regarding the fairness of the separation agreement and the allegations of coercion despite not raising those arguments in his written motion; see, e.g., *Poisson* v. *Quality Electrical Contractors, Inc.*, 29 Conn. App. 151, 155, 612 A.2d 1232 (1992); as we will explain with regard to the defendant's fraud argument, the record before us is not adequate for meaningful review. Finally, additional legal hurdles would stand to thwart any relief on the merits of the defendant's unpreserved arguments. In ruling on the second motion to open, the court never made any factual finding regarding the fairness of the separation agreement. Although such a factual finding was made by the court in rendering the dissolution judgment, that finding cannot be collaterally attacked by a motion to open filed outside the four month statutory period because it does not implicate fraud, lack of consent or a mutual mistake. See *Kenworthy* v. *Kenworthy,* supra, 180 Conn. 131. The court also never made a finding in conjunction with its ruling on the second motion to open that there was no coercion on the part of the plaintiff or her counsel; rather, the court refused to revisit that issue, having previously found it to lack merit in disposing of the defendant's first

motion to open. The defendant could have appealed from the decision on the first motion to open, but he never perfected an appeal despite some failed efforts to do so. A party is precluded from raising on appeal any nonjurisdictional claim of error that it had an opportunity to raise in an appeal from an earlier judgment. See *In re Shamika F.*, 256 Conn. 383, 406–408, 773 A.2d 347 (2001).

[10] Pursuant to Practice Book § 61-10, which was amended to take effect after the defendant filed his second motion to open, this court will no longer *decline to review* a claim on appeal *solely* on the basis of a party's failure to seek an articulation. See Practice Book § 61-10 (b). As stated in the commentary to the rule, however, the new subsection (b) that was created by the amendment was not intended to preclude this court from "declining to review an issue where the record is inadequate for reasons other than solely the failure to seek an articulation, such as, for example, the failure to procure the trial court's decision pursuant to [Practice Book §] 64-1 (b) . . . ." Practice Book § 61-10, commentary. The new subsection also in no way alters the responsibility of an appellant to ensure that the appellate record is perfected for proper presentation of all claims raised.

In the present case, we do not decline to review the defendant's claim, rather we review the claim on the record provided. Nor is our resolution founded solely upon the defendant's failure to seek an articulation, but upon his failure to procure a memorandum of decision.