******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DIEGO MURCIA *v.* WALT GEYER ET AL.
(AC 35906)

Gruendel, Sheldon and Flynn, Js.

*Argued April 14—officially released June 24, 2014*

(Appeal from Superior Court, judicial district of Fairfield, Housing Session at Bridgeport, Rodriguez, J.)

*Walt Geyer* and *RaShanda Johnson-Geyer*, self-represented, the appellants (defendants).

*Kent M. Miller*, for the appellee (plaintiff).

*Opinion*

SHELDON, J. The defendants, Walt Geyer and RaShanda Johnson-Geyer, appeal from the trial court's judgment, in this summary process action, in favor of the plaintiff, Diego Murcia, on his claim of nonpayment of rent arising from a lease agreement between the plaintiff landlord and themselves. We conclude that the record before us is inadequate to review the defendants' claim on appeal, and thus we affirm the judgment of the trial court.

The record reveals the following relevant facts and procedural history. The plaintiff, in his summary process complaint dated June 25, 2013, alleged that he and the defendants had entered into an oral agreement to rent the premises of "604 Center St Ext. Apt 1, Bridgeport, CT 06604" for a term of one year. The plaintiff alleged that the defendants had agreed to pay, on the first day of each month, the amount of $950 to him, but they had not paid the rent due on June 1, 2013, as agreed upon in the lease. On June 20, 2013, the plaintiff served upon the defendants a notice instructing them to quit possession of the premises on or before June 24, 2013. The defendants, however, remained in possession of the premises beyond June 24, 2013. As a result, the plaintiff commenced this summary process action.

Thereafter, on June 26, 2013, the defendants filed their answer to the plaintiff's summary process complaint, in which they raised five special defenses: (1) rent was offered to the plaintiff on June 19, 2013, which was before the date on which they received the notice to quit; (2) no rent was due under Connecticut law because there were "housing, zoning, building and fire code violations" and the "residence was found to be totally illegal on the basis of having no history of required permits"; (3) the defendants notified the plaintiff and Bridgeport's building department of these alleged violations; (4) the eviction was brought in retaliation for the defendants' notification of public officials or agencies complaining about the condition of their apartment; and (5) the defendants had not received a ninety day letter before the notice to quit was served upon them.

The matter was tried before the court, *Rodriguez, J.*, on July 15, 2013. The plaintiff and both defendants testified and presented evidence at trial. The defendants testified as to the plaintiff's failure to correct several housing code violations, including removing litter, garbage, rubbish and overgrowth from the front, left and back yards; repairing or replacing the front porch and stairs; repairing open and exposed electrical wiring on the rear porch and stairs; repairing a defective outlet in the bathroom; repairing the living room windows to make them weather tight; and the conducting of an inspection by a licensed electrical contractor to verify

that the first floor electrical supply is separate from all other apartments and in proper operating condition. The court continued the case in order to provide the plaintiff with the opportunity to correct these alleged violations. On July 31, 2013, the plaintiff presented evidence to the court that he had corrected all of the previously described violations. The court later, and without filing an accompanying memorandum of decision, rendered judgment in favor of the plaintiff for immediate possession of the premises. Thereafter, on August 2, 2013, the defendants filed a motion to open the judgment, which was denied by the court on August 5, 2013, also without filing an accompanying memorandum of decision. This appeal followed.

The defendants' only claim on appeal is that the court abused its discretion by rendering judgment in favor of the plaintiff based on the evidence before it. Specifically, they claim that the evidence clearly demonstrated that the plaintiff's basis for their eviction was retaliatory in nature arising from their reporting of several housing code violations to the Building Department of the City of Bridgeport. To the contrary, the plaintiff argues that the evidence supported the court's rendering judgment for possession of the premises in his favor due to nonpayment of rent.

We must consider first whether we have an adequate record for review of the defendants' claim. We conclude that we do not. The court's rendering judgment in favor of the plaintiff in this summary process action constitutes an appealable final judgment, and, "therefore, pursuant to Practice Book § 64-1 (a), the court was required to state, either orally or in writing, a decision that encompassed its conclusion as to each claim of law raised by the parties and the factual basis therefor. . . . If an oral decision is rendered, a signed transcript of the oral decision should be created and filed for use in any appeal. If the court fails to file an oral or written decision, the appellant, who has the duty to provide an adequate record for appellate review; see Practice Book § 61-10; must file a notice to that effect with the appellate clerk in accordance with Practice Book § 64-1 (b)." (Internal quotation marks omitted.) *Gordon* v. *Gordon*, 148 Conn. App. 59, 66–67, 84 A.3d 923 (2014).

In the present case, the court did not file a written memorandum of decision explaining its ruling, nor did it prepare and sign a transcript of an oral ruling. The defendants did not file a notice pursuant to Practice Book § 64-1 with the appellate clerk's office, nor did they file a motion asking the court to articulate the factual and legal basis for its ruling. See Practice Book § 66-5.

Although the record before us includes the trial transcript, we cannot readily identify any portion of it that encompasses the court's factual findings with respect to the defendants' claim of retaliatory eviction. Cognizant

that we must make every reasonable presumption in favor of the correctness of the court's decision, we are constrained to conclude, on the basis of our review of the limited record provided to us, that the court acted reasonably and did not abuse its discretion in rendering judgment in favor of the plaintiff.[1]

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Pursuant to Practice Book § 61-10, which was amended October 18, 2012, to take effect January 1, 2013, "this court will not *decline to review* a claim on appeal *solely* on the basis of a party's failure to seek an articulation. See Practice Book § 61-10 (b). As stated in the commentary to the rule, however, the new subsection (b) that was created by the amendment was not intended to preclude this court from declining to review an issue where the record is inadequate for reasons other than solely the failure to seek an articulation, such as, for example, the failure to procure the trial court's decision pursuant to [Practice Book §] 64-1 (b) . . . . Practice Book § 61-10, commentary." (Emphasis in original; internal quotation marks omitted.) *Gordon* v. *Gordon*, supra, 148 Conn. App. 68 n.10.

The new subsection also in no way alters the responsibility of an appellant to ensure that the appellate record is perfected for proper presentation of all claims raised. See *Macricostas* v. *Kovacs*, 67 Conn. App. 130, 133, 787 A.2d 64 (2001) ("The duty to provide this court with a record adequate for review rests with the appellant. . . . It is incumbent upon the appellant to take the necessary steps to sustain its burden of providing an adequate record for appellate review. Practice Book § [60-5] . . . . It is not the function of this court to find facts. . . . Our role is . . . to review claims based on a complete factual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court . . . any decision made by us respecting [the defendant's claims] would be entirely speculative. . . . Where the transcript does not reveal the basis of the court's factual conclusion, we will not review the appellant's claims." [Internal quotation marks omitted.]).

In the present case, we do not decline to review the defendants' claim, rather we review the claim on the record provided. Nor is our resolution founded solely upon the defendants' failure to seek an articulation, but upon their failure to procure a memorandum of decision.