******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

BETTINA HEGEL TONGHINI *v.* ERIC
ANTHONY TONGHINI
(AC 35614)

DiPentima, C. J., and Beach and Prescott, Js.

*Argued May 29—officially released August 12, 2014*

(Appeal from Superior Court, judicial district of
Stamford-Norwalk, Munro, J. [dissolution judgment];
Emons, J. [motion to dismiss].)

*Eric Anthony Tonghini*, self-represented, the appel-
lant (defendant).

*Daniel Green*, with whom, on the brief, were *Richard*

*G. Kent* and *Erin E. Adams*, for the appellee (plaintiff).

*Opinion*

PRESCOTT, J. In this high conflict, postdissolution of marriage proceeding, the principal issue on appeal is whether a judge of the Superior Court lacks subject matter jurisdiction over a motion to modify child and spousal support in circumstances in which General Statutes § 46b-86 (c) directs that the motion to modify shall be filed with the Family Support Magistrate Division of the Superior Court. The defendant, Eric Anthony Tonghini, appeals from the judgment of the trial court, *Emons*, *J.*, granting a motion to dismiss for lack of subject matter jurisdiction his motion to modify child and spousal support payable to the plaintiff, Bettina Hegel Tonghini. Because we conclude that the defendant's brief and the record are inadequate to review the defendant's claim, we decline to decide this question.

The record contains the following relevant facts and procedural history. This marital dissolution action was initiated by the plaintiff on March 23, 2006. The plaintiff and the defendant thereafter agreed to certain pendente lite orders, including that the defendant pay child and spousal support for the benefit of the plaintiff and their three children. When the defendant failed to keep current with his support obligations, the plaintiff sought the assistance of Support Enforcement Services to assist in collecting any arrearages. Subsequent support obligations were collected through an income withholding garnishment, except during periods when the defendant was unemployed.

Following a trial, on March 20, 2008, the court, *Munro*, *J.*, dissolved the parties' marriage and, among other things, ordered the defendant to pay unallocated child support and spousal support to the plaintiff "in the amount of $5700 per month until the death of either party, the plaintiff's remarriage . . . civil union [or] cohabitation pursuant to the statute or April 1, 2018." The court also ordered the defendant to pay the arrearage for pendente lite support "at the rate already arranged through Support Enforcement Services."

On November 6, 2008, the defendant filed a motion to modify child and spousal support with a judge of the Superior Court, alleging a substantial change in his financial circumstances due to his loss of employment. A hearing on the defendant's motion was marked off on at least four occasions. While the defendant's motion to modify was pending, the plaintiff, on January 29, 2009, filed a motion for contempt against the defendant with the Family Support Magistrate Division of the Superior Court on the basis of the defendant's failure to pay child support and alimony.

On March 30, 2009, the court, *Hon. Dennis F. Harrigan*, judge trial referee, referred the defendant's motion to modify to the Family Support Magistrate Division for adjudication. On May 7, and May 8, 2009, Magistrate

William E. Strada, Jr., conducted a hearing on the plaintiff's motion for contempt, but refused to consider the defendant's motion to modify support because the defendant had a substantial arrearage for past due support.

At the conclusion of the hearing, Magistrate Strada found that the defendant had an arrearage of $20,082 in past due child and spousal support. The magistrate also indicated that he would not hold any hearing on the defendant's motion to modify until and unless the defendant made a lump sum payment of $7500 toward the arrearage.

On May 21, 2009, Magistrate Strada found the defendant in contempt for failing to make a payment of $7500 toward the arrearage and ordered that the defendant be incarcerated. The plaintiff, however, indicated that she was willing to accept an immediate, partial payment of $2100 toward the arrearage and requested that the defendant not be incarcerated so that the defendant could continue to look for new employment. The defendant then made the partial payment of $2100.

On May 19, 2009, pursuant to General Statutes § 46b-231 (n), the defendant appealed from Magistrate Strada's May 8, 2009 decision declining to hold a hearing on his motion to modify support. The appeal was heard by a judge of the Superior Court, *Shay*, *J.*, on August 18, 2009. In an oral ruling, Judge Shay reversed the decision of the magistrate and ordered that a hearing be held by a magistrate on the defendant's motion to modify.

A hearing on the defendant's motion to modify support, however, was not held until March 4, 2010.[1] On March 4, 2010, following the hearing, Magistrate Strada granted in part the defendant's motion to modify support. Specifically, the magistrate decreased the amount of child support payable to the plaintiff, thereby reducing the defendant's per month total support obligation from $5700 to $4322.[2] During the hearing, Magistrate Strada appears[3] to have indicated that he was declining to hear the alimony portion of the defendant's motion to modify and that the defendant would "have to go back to family court if you want to address that."

Although the defendant appealed from the March 4, 2010 orders issued by Magistrate Strada, that appeal later was dismissed for failure to prosecute it with due diligence. Thereafter, the defendant found a new job, and the plaintiff and the defendant agreed to modify the defendant's support obligation.

On June 1, 2012, after having become unemployed for a second time, the defendant filed a new motion to modify support. The motion, however, was not filed by the defendant with the Family Support Magistrate Division, but instead was filed on the regular docket of the Superior Court. The plaintiff, on January 16, 2013,

moved to dismiss the defendant's motion to modify claiming that the regular division of the Superior Court lacked subject matter jurisdiction over the motion. Specifically, the plaintiff contended that because the plaintiff had previously sought the assistance of Support Enforcement Services, §§ 46b-231 (m) (2) (A)[4] and 46b-86 (c)[5] required that the motion to modify support be filed with the Family Support Magistrate Division of the Superior Court.

At the hearing on the motion to dismiss on March 19, 2013, the court engaged in a discussion with the defendant, who was self-represented at the time, regarding his failure to file a timely opposition to the plaintiff's motion to dismiss. The defendant conceded that his brief in opposition to the motion to dismiss was filed approximately two weeks late. The court indicated that it had not reviewed the defendant's brief and also discussed with the parties whether the defendant had an existing arrearage for child or spousal support. At the conclusion of the hearing, the court stated: "Okay. I'm granting the motion to dismiss. This case is going back to support enforcement." In so doing, the court did not indicate whether it was granting the motion because it believed that it lacked subject matter jurisdiction over the defendant's motion to modify, or that it was treating the motion as unopposed because the defendant had not filed a timely opposition to the motion to dismiss. The court also did not explain when it stated that "[t]his case is going back to support enforcement" whether its intent was to transfer the motion to modify support to a family support magistrate or to simply dismiss the motion for lack of subject matter jurisdiction or otherwise, and obligate the defendant to file a new motion in the Family Support Magistrate Division of the Superior Court.

On appeal, the defendant challenges the court's decision dismissing his motion to modify support. In his brief, the defendant does not set forth any analysis of whether §§ 46b-213 (m) and 46b-86 (c) deprived the court of subject matter jurisdiction over his motion. Instead, he simply contends that the court should not have dismissed his motion because of a lengthy history of alleged injustices he received while litigating matters before the family support magistrate. We decline to review the court's decision dismissing his motion because the defendant has failed to provide us with an adequate record for review and to comply with several rules of appellate practice, thereby further frustrating our review.

First, the defendant failed to seek an articulation by the court of the factual and legal basis of its decision. See Practice Book § 66-5. "[T]he appellant bears the burden of providing an appellate court with an adequate record for review. . . . It is, therefore, the responsibility of the appellant to move for an articulation or rectifi-

cation of the record where the trial court has failed to state the basis of [a] decision . . . [or] to clarify the legal basis of a ruling." (Internal quotation marks omitted.) *CC Cromwell, Ltd. Partnership* v. *Adames*, 124 Conn. App. 191, 194, 3 A.3d 1041 (2010). "[I]t is incumbent upon the appellant to take the necessary steps to sustain [her] burden of providing an adequate record for appellate review. . . . [A]n appellate tribunal cannot render a decision without first fully understanding the disposition being appealed. . . . Our role is not to guess at possibilities, but to review claims based on a complete factual record developed by a trial court." (Internal quotation marks omitted.) *Chester* v. *Manis*, 150 Conn. App. 57, 61, 89 A.3d 1034 (2014).

This defendant's failure to seek articulation is particularly significant in this case because the court's oral statement that it was granting the motion to dismiss is unaccompanied by any findings to support the ruling and does not state any legal basis upon which the ruling rests. Indeed, as discussed previously, it is unclear whether the court granted the motion as unopposed or whether it was the court's intent to transfer the motion to a family support magistrate rather than to grant the motion to dismiss outright. Although this court will not decline to review a claim on appeal solely on the basis of a party's failure to seek articulation, if the failure to seek an articulation is accompanied by other procedural irregularities that frustrate meaningful review, as are present here, the court may nonetheless decline to review the claim. See *Gordon* v. *Gordon*, 148 Conn. App. 59, 68 n.10, 84 A.3d 923 (2014); see also *Chester* v. *Manis*, supra, 150 Conn. App. 63 n.5.

Second, the court in the present case did not file a written memorandum of decision setting forth its reasoning in granting the plaintiff's motion to dismiss, nor did it prepare and sign a transcript of its oral ruling. In these circumstances, the defendant was obligated but failed to file a notice pursuant to Practice Book § 64-1 (b) with the appellate clerk in order to obtain the court's compliance with the rule.[6]

Third, the defendant failed to comply with Practice Book § 63-8 (e), which requires the appellant, either before or simultaneously with the filing of the appellant's brief, to file one unmarked written copy of the transcript, including a copy of the court reporter's certification page. Although the court reporter did file an electronic version of the transcript from the March 19, 2013 hearing, no certified paper copy of the transcript has ever been filed by the defendant.

Fourth, the defendant's brief is inadequate for adequate review of his claim on appeal. "It is well settled that [w]e are not required to review claims that are inadequately briefed. . . . We consistently have held that [a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure

to brief the issue properly. . . . [F]or this court judiciously and efficiently to consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs. We do not reverse the judgment of a trial court on the basis of challenges to its rulings that have not been adequately briefed. . . . [A]ssignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court." (Internal quotation marks omitted.) *Keating* v. *Ferrandino*, 125 Conn. App. 601, 603–604, 10 A.3d 59 (2010).

In this case, the argument portion of the defendant's brief is only one paragraph in length and fails to cite or to analyze any of the statutes that may bear upon whether the trial court lacked subject matter jurisdiction over the motion to modify. For example, the defendant fails to discuss any of the statutes cited by the plaintiff to the trial court in support of the motion to dismiss. In addition, neither party cites or analyzes General Statutes § 46b-212r, which is found in our Uniform Interstate Family Support Act, General Statutes §§ 46b-212 to 46b-213w, and provides in relevant part: "If a petition or comparable pleading is received by an inappropriate tribunal of this state, the tribunal shall promptly forward the pleading and accompanying documents to an appropriate tribunal in this state or another state and notify the petitioner where and when the pleading was sent."[7] Neither party cites to this court's decision in *Pritchard* v. *Pritchard*, 103 Conn. App. 276, 928 A.2d 566 (2007), which discusses at some length the jurisdictional relationship between the regular docket of the Superior Court and the Family Support Magistrate Division of the Superior Court. This court declines to enter into the statutory thicket of the family support magistrate laws without any meaningful assistance from the parties.

Finally, the fact that the defendant is self-represented cannot excuse or cure these obvious inadequacies in the record. "[Although] . . . [i]t is the established policy of the Connecticut courts to be solicitous of [self-represented] litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the [self-represented] party . . . we are also aware that [a]lthough we allow [self-represented] litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Internal quotation marks omitted.) *In re Nicholas B.*, 135 Conn. App. 381, 384, 41 A.3d 1054 (2012). Accordingly, we decline to review the defendant's claim.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The record reflects that the hearing was continued on several occasions between June 4, 2009, and March 4, 2010.

[2] Upon dissolution, the court had awarded the plaintiff unallocated support. Presumably, Magistrate Strada applied an allocation formula to differentiate how much of the support should be designated as child support. In so doing, Magistrate Strada's order states that the defendant's alimony obligation of $3522 per month "remains in full force and effect."

[3] It is difficult for this court to ascertain precisely what occurred during the hearing because the defendant did not file with this court, pursuant to Practice Book § 63-8, the transcript of the March 4, 2010 hearing. Instead, he simply included within his appendix to his brief a single page from what purports to be the transcript of the March 4, 2010 hearing. Both the plaintiff and the defendant, however, agree in their respective briefs on appeal that Magistrate Strada refused at this hearing to consider the alimony portion of the defendant's motion to modify support.

[4] General Statutes § 46b-231 (m) (2) (A) provides in relevant part: "Family support magistrates shall hear and determine matters involving child and spousal support in IV-D support cases . . . and shall hear and determine all motions for modifications of child and spousal support in such cases."

On appeal, the plaintiff also relies on § 46b-231 (m) (4), which provides in relevant part: "Motions for modification of existing child and spousal support orders entered by the Superior Court in IV-D support cases including motions to modify existing child and spousal support orders entered in [dissolution] actions . . . shall be brought in the Family Support Magistrate Division and decided by a family support magistrate. . . ."

[5] General Statutes § 46b-86 (c) provides in relevant part: "When one of the parties, or a child of the parties . . . has applied for child support enforcement services under Title IV-D of the Social Security Act as provided in section 17b-179, such motion to modify shall be filed with the Family Support Magistrate Division for determination in accordance with subsection (m) of section 46b-231."

[6] "On occasion, we have overlooked an appellant's failure to ensure that the trial court sign a transcript of an oral decision provided that the appellant had filed an unsigned transcript and we [were] able to identify readily the court's decision, *encompassing its findings* . . . ." (Emphasis in original; internal quotation marks omitted.) *Gordon* v. *Gordon*, supra, 148 Conn. App. 67. In this case, however, the appellant never filed a certified paper copy of the transcript, and we are unable to readily identify the court's decision encompassing its findings.

[7] See also General Statutes § 46b-212b, which provides in relevant part: "The Superior Court and the Family Support Magistrate Division of the Superior Court are the tribunals of this state. . . ."