******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ALAN J. GORDON *v.* CAROL S. GORDON
(AC 38343)

Keller, Mullins and Sullivan, Js.

*Argued November 28, 2016—officially released February 14, 2017*

(Appeal from Superior Court, judicial district of New Haven, B. Fischer, J.)

*Alan J. Gordon*, self-represented, the appellant (plaintiff).

*Irving H. Perlmutter*, for the appellee (defendant).

*Opinion*

KELLER, J. In this civil action, the plaintiff, Alan J. Gordon,[1] appeals from the trial court's order granting summary judgment for the defendant, Carol Gordon, on the ground that there was no genuine issue of material fact that the three tort actions alleged in the plaintiff's complaint were barred by the applicable statute of limitations, General Statutes § 52-577.[2] The plaintiff claims that the court committed plain error in granting the defendant's motion for summary judgment because the defendant had not properly pleaded the statute of limitations as a special defense, and, therefore, had waived her right to raise it as a ground for summary judgment.[3] We affirm the judgment of the court.

The following facts and procedural history, as determined by the trial court in its memorandum of decision, are relevant to this appeal. "The plaintiff . . . instituted the present action through service of process on the defendant . . . on May 18, 2014. The [amended and] revised complaint filed on March 12, 2015, alleges three counts of extortion, fraud, and larceny arising out of the parties' divorce on April 18, 2011.

"In the extortion count, the plaintiff alleges that the defendant obtained a restraining order against him, then convinced him to break that order by asking him to watch their children while she vacationed in Mexico. [H]e believed the restraining order applied to her, rather than the family residence. The defendant filed a complaint against the plaintiff on March 17, 2011, and an arrest warrant was issued without the plaintiff's knowledge. In order to coerce the plaintiff into signing the separation agreement, the defendant and her attorney . . . who is the defendant in a companion case, told the plaintiff that if he signed the separation agreement, no charges would be brought against him. The plaintiff [signed the separation agreement] on April 18, 2011, completely against his will. On April 24, 2011, the police arrested the plaintiff for violation of the protective order.

"In the fraud count, the plaintiff alleges the defendant abetted her attorney in leading the plaintiff to believe things which were not true. He also alleges that she did so in 'taking the steps necessary to have plaintiff removed from his home' even though she had never called the police before in their twenty-two years of marriage . . . . The plaintiff also alleges that the defendant committed fraud when she filed her financial [affidavit in the dissolution action], stating that the family residence was in an irrevocable trust when it was not,[4] that two other residences were worth considerably less than their actual value, and that her 'other personal property' had a total value of $4700 when the plaintiff paid over $5000 for her wedding ring twenty years prior and the house contained a substantial quantity of furni-

ture and shoes.[5]

"In the larceny count, the plaintiff alleges that the defendant 'refused to return any of the more than forty household items owned by the plaintiff and purchased many years prior to their marriage.' " (Footnotes added.)

The defendant moved for summary judgment pursuant to Practice Book § 17-44[6] on March 30, 2015, on the ground that the statute of limitations for tort actions had expired prior to the date on which the defendant was served with process.[7] In support of her motion, the defendant provided a memorandum of law and her own affidavit, and requested that the court take judicial notice of the parties' dissolution file and this court's decision in the plaintiff's direct appeal from the dissolution judgment in *Gordon* v. *Gordon*, 148 Conn. App. 59, 84 A.3d 923 (2014). The plaintiff filed a memorandum in opposition, which he styled a "reply," on May 18, 2015. In his reply, the plaintiff asserted that there was no statute of limitations applicable to his fraud claim and that he filed his complaint within the limitations period, but had to wait until his application for a fee waiver was approved so that he could serve process on the defendant.[8] The plaintiff did not file a counteraffidavit or submit any documentation in opposition to the motion for summary judgment.

The court noted that the first count[9] of the revised complaint clearly alleged a civil action for fraud, but that the larceny and extortion claims required "further explication," as larceny and extortion are crimes set forth in General Statutes § 53a-119, rather than claims that may be brought in a civil action. The court stated, "[p]ursuant to General Statutes § 52-564, [a]ny person who steals any property of another, or knowingly receives and conceals stolen property, shall pay the owner treble his damages. Statutory theft under § 52-564 is synonymous with larceny under . . . § 53a-119. *Hospital of Central Connecticut* v. *Neurosurgical Associates, P.C.*, 139 Conn. App. 778, 788–89, 57 A.3d 794 (2012). Section 53a-119 states that larceny includes extortion. Therefore, the larceny and extortion claims made by the plaintiff are properly statutory theft claims . . . ." (Internal quotation marks omitted.)

The court concluded that the plaintiff's claims for fraud and statutory theft were subject to the three year statute of limitations contained in § 52-577. Citing *Kidder* v. *Read*, 150 Conn. App. 720, 726–27, 93 A.3d 599 (2014), the court stated that the "three year limitation period of § 52-577 begins with the date of the act or omission complained of, not the date when the plaintiff first discovers an injury. . . . The relevant date of the act or omission complained of, as that phrase is used in § 52-577, is the date when the negligent conduct of the defendant occurs and not the date when the [plaintiff] first sustain[s] damage. . . . Ignorance of his

rights on the part of the person against whom the statute has begun to run, will not suspend its operation. . . . When conducting an analysis under § 52-577, the only facts material to the trial court's decision on a motion for summary judgment are the date of the wrongful conduct alleged in the complaint and the date the action was filed."[10] (Internal quotation marks omitted.)

The court then found that the plaintiff had clearly pinpointed when the wrong complained of occurred for his statutory theft count pertaining to extortion because the dissolution agreement was signed on April 18, 2011, under the false belief on the part of the plaintiff that the defendant would not pursue her police complaint for violation of the protective order, and, thereafter, he was arrested on April 24, 2011. The court concluded that the continuing course of conduct doctrine is inapplicable and that the relevant date on which the statute of limitations period began to run for the first count was April 18, 2011.

As to the second count, alleging fraud, and the third count, alleging larceny, the court noted that the these counts in the revised complaint "do not contain any specific dates on which the wrongs complained of occurred." It found that the allegations regarding the defendant abetting fraud when she took steps to have the plaintiff removed from his home related to her securing a restraining order on February 3, 2011, and that the statute of limitations for these actions would therefore begin to run on February 3, 2011, or earlier. The court also found that the allegations in the revised complaint concerning the fraudulent financial affidavit as to real property and the values of household furnishings and jewelry in the second count, and the refusal to return his property in the third count, contained no specific dates, but clearly related to the division of assets between the parties in the dissolution action. In relevant part, the court reasoned: "The background section of the complaint states that on April 18, 2011, the defendant 'signed the dissolution agreement, surrendering all of his material assets and giving up virtually all of his worldly goods.' " Therefore, the court concluded that the statute of limitations for the second and third counts also began to run on April 18, 2011, the date on which the separation agreement was signed and the judgment of dissolution entered.

Having determined the dates on which the statute of limitations began to run with respect to each of the three counts in the revised complaint, the court addressed whether the present action was commenced within the limitations period. It stated: "The complaint was served on the defendant on May 18, 2014. In Connecticut, service of process commences an action. *Pagan* v. *Gonzalez*, 113 Conn. App. 135, 139, 965 A.2d 582 (2009). The plaintiff has argued that the limitations period was tolled because he applied for a fee waiver on April 16,

2014, but has not provided any statute tolling the statute of limitations period due to the filing of [an application for] a fee waiver. Such a provision does exist in certain appeals to the Superior Court; see General Statutes § 4-183 (m); and General Statutes § 52-593a provides that an action will not be lost if it is provided to a marshal prior to the limitations period expiring and is served within thirty days." The court noted that absent a statutory exception, even though the plaintiff had filed his fee waiver application two days before the limitations period expired and had no control over how long it would take for the application to be approved, the application of the three year statute of limitations could not be avoided. The court reasoned that "[a]ccording to the allegations in the plaintiff's [revised] complaint, the present action accrued on April 18, 2011. The three year statute of limitations expired on April 18, 2014, and the action was not initiated until May 18, 2014. The complaint in this action is therefore untimely and the motion for summary judgment is granted on this ground."

On appeal, the sole issue properly raised by the plaintiff is that the court committed plain error in granting the defendant's motion for summary judgment because the defendant had not properly pleaded the statute of limitations as a special defense, and, therefore, she had waived her right to assert it as a ground for summary judgment.[11]

The plaintiff acknowledges that he failed to make this argument to the trial court and is raising it for the first time on appeal. He argues, however, that this court should reverse the judgment under the plain error doctrine. We conclude that the plaintiff has failed to demonstrate that plain error exists and, thus, affirm the judgment of the trial court.

This court is not bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. "[T]he plain error doctrine . . . is not . . . a rule of reviewability. It is a rule of reversibility. That is, it is a doctrine that this court invokes in order to rectify a trial court ruling that, although either not properly preserved or never raised at all in the trial court, nonetheless requires reversal of the trial court's judgment, for reasons of policy. . . . In addition, the plain error doctrine is reserved for truly extraordinary situations [in which] the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. . . . Plain error is a doctrine that should be invoked sparingly." (Internal quotation marks omitted.) *State* v. *Myers*, 290 Conn. 278, 289, 963 A.2d 11 (2009); see also Practice Book § 60-5.

The plaintiff's claim is based upon a perceived procedural abnormality; he argues that the court erroneously considered the defendant's statute of limitations

defense because the defendant did not file an answer and special defenses to his revised complaint. Thus, the plaintiff argues, the defendant waived any claim that the statute of limitations barred his causes of action.

The applicable rule of practice, Practice Book § 17-44, provides in relevant part: "In any action . . . any party may move for a summary judgment as to any claim or defense as a matter of right at any time if no scheduling order exists and the case has not been assigned for trial."[12] Although prior to October 1, 1992, Practice Book § 379, the precursor to § 17-44, required that the pleadings be closed before seeking a summary judgment, in *Girard* v. *Weiss*, 43 Conn. App. 397, 682 A.2d 1078, cert. denied, 239 Conn. 946, 686 A.2d 121 (1996), this court stated: "If we were to hold that a motion for summary judgment cannot be made prior to pleading a statute of limitations as a special defense, we would negate that portion of § 379 [now § 17-44] that provides that a motion for summary judgment can be made at any time, without the necessity of closing the pleadings. . . . Facts that are not alleged in a complaint may be added to the procedural mix and facts in avoidance of the statutory time limitation of action can be considered in a motion for summary judgment whereas they cannot be considered in a motion to strike. On a motion for summary judgment, the questions are whether there is any material fact in issue, and, if not, whether the movant is entitled to judgment as a matter of law. The key difference between the two motions is that, when considering a motion for summary judgment, facts in addition to those asserted in the complaint can form the basis for an argument that there is no material fact in dispute that would prevent judgment as a matter of law.[13] When there is no such material fact in dispute or where there is agreement of the parties as to every relevant fact, we conclude that the pleadings need not be closed in order to move for summary judgment." (Footnotes altered; internal quotation marks omitted.) Id., 416–17; see also *Emmerson* v. *Super 8 Motel-Stamford*, 59 Conn. App. 462, 468–69, 757 A.2d 651 (2000).

Accordingly, as it is apparent from our review of the record that the court acted within the boundaries of our applicable rules of procedure in considering and ruling on the motion for summary judgment, we do not conclude that the court's consideration of the motion for summary judgment prior to the defendant's raising the special defense of the statute of limitations in a responsive pleading affected the fairness and integrity of or undermined public confidence in the judicial proceeding at issue. See *State* v. *Hinckley*, 198 Conn. 77, 87–88, 502 A.2d 388 (1985). Accordingly, we are not persuaded that plain error exists.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The plaintiff is self-represented in this appeal and was self-represented during the proceedings before the trial court.

[2] General Statutes § 52-577 provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."

[3] In his reply brief, the plaintiff raises the following additional claimed error on the part of the court. He asserts that the statute of limitations should be equitably tolled on the date he filed his application for a waiver of fees until the date the defendant was actually served based on important public policy considerations and the egregious actions of the defendant and her counsel in the prosecution of the parties' marital dissolution case, actions that form the basis for the present civil case. We decline to address this contention because the plaintiff raised it for the first time on appeal in his reply brief. See *Grimm* v. *Grimm*, 276 Conn. 377, 393–94 n.19, 886 A.2d 391 (2005), cert. denied, 547 U.S. 1148, 126 S. Ct. 2296, 164 L. Ed. 2d 815 (2006); see also *Electrical Contractors, Inc.* v. *Dept. of Education*, 303 Conn. 402, 444 n.40, 35 A.3d 188 (2012) ("[c]laims are also inadequately briefed when they are raised for the first time in a reply brief").

[4] In the dissolution action, the plaintiff previously had filed a motion to open the judgment, in which he alleged that, with respect to the marital residence, the defendant had "omitted critical information and made fraudulent representations on her April 18, 2011 financial affidavit." (Internal quotation marks omitted.) *Gordon* v. *Gordon*, 148 Conn. App. 59, 63, 84 A.3d 923 (2014). His motion to open the judgment was denied by the trial court, *Gould, J.*, on November 26, 2012. Id., 63–64. This court declined to review his appeal from this denial due to an inadequate record for review. Id., 67–68.

[5] In his "reply" to the motion for summary judgment and in oral argument to the trial court, the plaintiff argued that "[the] [d]efendant . . . intentionally mis[led] the plaintiff to believe the mortgage free marital residence . . . was in an irrevocable trust. No such trust was recorded on the land records before, during or after the divorce on April 18, 2011." He also argued that "state statutes provide that fraud can be attacked at any time." The court addressed this claim as follows: "The plaintiff's claim that the statute of limitations does not apply to fraud, for which he provided no citation, is likely based on the principle that a court may vacate a judgment based on fraud at any time, including a marital judgment based upon a fraudulently obtained stipulation. See *Billington* v. *Billington*, 220 Conn. 212, 217–18, 595 A.2d 1377 (1991). This principle is inapplicable to a civil action for fraud."

[6] Practice Book § 17-44 states in relevant part: "In any action . . . any party may move for a summary judgment as to any claim or defense as a matter of right at any time if no scheduling order exists and the case has not been assigned for trial. If a scheduling order has been entered by the court, either party may move for summary judgment as to any claim or defense as a matter of right by the time specified in the scheduling order. If no scheduling order exists but the case has been assigned for trial, a party must move for permission of the judicial authority to file a motion for summary judgment."

[7] The defendant also alleged that the doctrine of res judicata prevented the plaintiff from relitigating issues that were determined in the parties' divorce action and that the plaintiff was estopped from filing the present action pursuant to an order issued in the divorce case on April 23, 2014 (*Schofield, J.*), enjoining him from further filings against the defendant without the court's prior permission. We do not address these issues because the court based its summary judgment ruling solely on the ground that all three of the plaintiff's tort claims were barred by the statute of limitations.

[8] The court also addressed the plaintiff's contention that the actions of the defendant's attorney, who is not a named defendant in the present action, were an ongoing process that continued through April 18, 2014. The plaintiff, however, did not describe what these ongoing actions were or how they could be imputed to the defendant. We note that the plaintiff also failed to allege a special relationship with the defendant's counsel that gave rise to a continuing duty or some later wrongful conduct related to the prior act. See *Giulietti* v. *Giulietti*, 65 Conn. App. 813, 833–35, 784 A.2d 905, cert. denied, 258 Conn. 946, 947, 788 A.2d 95, 96, 97 (2001). The court therefore found no basis to consider the application of the continuing course of conduct doctrine and, on appeal, the plaintiff has not claimed error with respect to this finding.

[9] The court here mistakenly refers to the first count as a fraud count. The facts discussed by the court, however, as contained in the first count of the plaintiff's revised complaint, apply to the statutory theft count the plaintiff

characterized as extortion.

[10] In his reply brief to this court, the defendant appears to make an inadequately briefed reference to a potential fraudulent concealment claim in stating he did not realize the marital residence was not held in trust until September, 2011, when he checked the land records. We decline to consider this issue because it was not raised before the trial court and was raised for the first time in the plaintiff's reply brief. We note, however, that the plaintiff's complaint merely alleges the defendant concealed this fact from him but there is no allegation, nor is there a factual predicate, to establish that the defendant had fraudulently concealed the existence of the plaintiff's causes of action with the intention of delaying the plaintiff in filing the action. See *Flannery* v. *Singer Asset Finance Co., LLC*, 128 Conn. App. 507, 517–18, 17 A.3d 509 (2011), aff'd, 312 Conn. 286, 94 A.3d 553 (2014). Furthermore, the plaintiff acknowledges that he learned the true nature of the defendant's interest in the marital home in September, 2011, by checking the town land records, and thereby determined that the property was not held in trust prior to or after the dissolution judgment.

[11] We note that the plaintiff does not claim that the court considered the motion for summary judgment in an untimely fashion under Practice Book § 17-44 by arguing either that the motion was filed in violation of a scheduling order or that the case had been assigned for trial, nor does he claim that he did not have an adequate opportunity to prepare a response. See Practice Book § 17-44. The motion for summary judgment was filed on March 30, 2015, and the plaintiff's reply was filed on May 18, 2015, the day the trial court heard oral argument. The court considered the plaintiff's reply to the motion for summary judgment even though it was not filed at least five days before the date the motion was considered on the short calendar, as was required by Practice Book (Rev. to 2015) § 17-45.

[12] The defendant's reliance on *Vertex, Inc.* v. *Waterbury*, 278 Conn. 557, 898 A.2d 178 (2006), is unavailing. In *Vertex*, our Supreme Court considered the scope of a trial court's discretion to consider dispositive questions of law *outside* the boundaries of the rules of practice. Id., 566–67.

[13] Practice Book (Rev. to 2015) § 17-45 provides in relevant part: "A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. . . . Any adverse party shall at least five days before the date the motion is to be considered on the short calendar file opposing affidavits and other available documentary evidence. . . ."